# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA PALM BEACH DIVISION

ANDREW PUCHALSKI,  CASE NO.:

    Plaintiff,

v.

JUPITER OUTDOOR CENTER, INC.
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANDREW PUCHALSKI ("Plaintiff" or "PUCHALSKI"), by and through undersigned counsel, files this Complaint against Defendant, JUPITER OUTDOOR CENTER, INC. ("Defendant" or "JOC"), and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, lost wages including front and back pay, liquidated damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

1

2. Plaintiff was an employee who performed camp staff services on behalf of Defendant in Palm Beach County, Florida.

3. JOC is a Foreign Profit Corporation located in Palm Beach County, Florida, and which, at all times relevant, performed work in Palm Beach County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Based upon information and belief, the annual and gross revenue of

Defendant was in excess of $500,000.00 per annum during all times relevant.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing, among other things, kayak rentals, paddleboard rentals, and camp services to local and out of state clients via its business located in Jupiter, Palm Beach County, Florida.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as watercraft, and camp equipment and supplies, but which had come to rest within its location in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant from January 2, 2020, through

November 3, 2020.

16. Plaintiff always worked in Palm Beach County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

17. Plaintiff had no authority to unilaterally hire or fire employees of JOC.

18. Plaintiff had no authority to unilaterally discipline employees of JOC.

19. Plaintiff had no authority to unilaterally determine the schedules to be worked by any employees of JOC, or to change the schedules.

20. Plaintiff had no authority to set rates of pay for other employees or agents of JOC.

21. Plaintiff had no input into performance reviews of other employees or agents of JOC.

22. All of Plaintiff's major decisions had to be cleared in advance by one of JOC's supervisors.

23. Plaintiff was closely monitored by JOC's managers and supervisors at all times.

24. Plaintiff followed procedures established by JOC and did exactly as he was instructed to do.

25. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

26. Defendant paid Plaintiff an hourly rate of $20.00 per hour for each hour worked.

27. Defendant also promised allow Plaintiff to receive any tips he earned during his day.

28. From January 2, 2020, until November 3, 2020, Plaintiff regularly worked an average of fifty (50) or more hours per week for Defendant.

29. Throughout Plaintiff's tenure, Defendant failed to pay Plaintiff any tips at all.

30. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying him nothing at all for such hours during many of his two-week pay periods.

31. Throughout his employment, Defendant ordered Plaintiff to complete tasks that would force him to work more than forty (40) hours a week.

32. If Plaintiff failed to complete these mandatory tasks, his job and position were threatened.

33. As a result, Plaintiff was forced to work "off the clock" to complete tasks required by Defendant.

34. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

35. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

36. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

37. Plaintiff estimates his FLSA damages to be as follows: 10 overtime hours worked per week for which he is owed his overtime rate of $27.00 per hour, totaling $270.00 owed per week X 104 weeks = **$28,080.00 unliquidated, and $56,160.00 liquidated**, plus attorney's fees and costs incurred.

38. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

6

39. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

41. Based on the allegations in Paragraphs 38-40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiff reincorporates and re-alleges paragraphs 1 through 42, above, as though set forth fully herein, and further alleges as follows:

44. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

45. During Plaintiff's employment with Defendant, Plaintiff regularly

worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

46. Plaintiff was not an exempt employee as defined by the FLSA.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to his for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 30th day of June, 2022.

    Respectfully Submitted,

    **By: /s/Noah Storch**
    Noah E. Storch, Esq.
    Florida Bar No. 0085476
    RICHARD CELLER LEGAL, P.A. 10368 W. SR 84, Suite 103
    Davie, Florida 33324
    Telephone: (866) 344-9243
    Facsimile: (954) 337-2771
    E-mail: noah@floridaovertimelawyer.com
    *Trial Counsel for Plaintiff*